IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS J. GIORDANO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-277 |
| | : | |
| THE UNIFIED JUIDICAL SYSTEM OF PENNSYLVANIA, et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                  **February 2, 2022**

Plaintiff Francis J. Giordano brings this action against the Unified Judicial System of Pennsylvania, and its employees, for their alleged violations of the Americans with Disabilities Act, 42 U.S.C. 12101, ("ADA"); the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, ("FMLA"); the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII"). On November 8, 2021, Giordano moved for leave to file a third amended complaint and add President Judge Panella, in his individual capacity, as a defendant the FMLA claim in Count IV. Because the Court finds such an amendment was unduly delayed and prejudicial to President Judge Panella, the Court will deny the Motion.

**PROCEDURAL BACKGROUND**

Giordano commenced this action on January 15, 2020. The Complaint was against "[t]he Unified Judicial System of Pennsylvania; H. Geoffrey Moulton, Jr., in his capacity as Court Administrator of Pennsylvania; Superior Court of Pennsylvania; and Christopher Nace, individually and in his capacity as Executive Administrator of the Superior Court of Pennsylvania." ECF Doc. No. 1. Two months later, Defendants filed a Motion to Dismiss the Complaint. ECF Doc. No. 12. On April 7, 2020, Plaintiff filed the First Amended Complaint, again

alleging violations of the ADA, the FMLA, the Rehabilitation Act, Title VII, and the PHRA. ECF Doc. No. 14.

On March 30, 2021, the Court granted in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Counsel for Defendants, Attorney Robert Krandel, advised Giordano's counsel that Geoffrey Molton, Jr. was not the head of the Superior Court of Pennsylvania, and the correct individual was President Judge Jack A. Panella. ECF Doc. No. 38-1, at 2.

Two weeks later, on April 13, 2021, Giordano filed the Second Amended Complaint. The Second Amended Complaint named "Jack A. Panella, in his capacity as President Judge of the Superior Court of Pennsylvania" as a defendant to Counts I, II, III, and IV. *See* ECF Doc. No. 23, at 1, 3, 11, 13, 14, 16. On November 8, 2021, Giordano sought leave to file a third amended complaint which would name Judge Panella as a defendant in his individual capacity. *See* ECF Doc. No. 38. On November 19, 2021, this Court directed Defendants to submit a response to Giordano's Motion. *See* ECF Doc. No. 39. Defendants submitted their responses in opposition on November 22, 2021. *See* ECF Docs. Nos. 42, 43. This Court granted Giordano's November 29, 2021, Motion for Leave to File a Reply Brief in Further Support of His Third Amended Complaint on December 30th, 2021. *See* ECF Docs. Nos. 44, 48. This Court also granted Defendants' December 2, 2021 Request for Oral Argument on December 30, 2021. *See* ECF Docs. Nos. 45, 50. This Court heard argument on the Motion on January 12, 2022.

**DISCUSSION**

Giordano now seeks leave to file a third amended complaint, which would add Jack A. Panella as a defendant in his individual capacity. Because the Court finds that such an addition in the proposed third amended complaint would be unduly prejudicial to Panella, and because Giordano unduly delayed seeking leave to amend, the Court will deny the Motion.

Under Federal Rule of Civil Procedure 15(a)[1], "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave "should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Fed. R. Civ. P. 15(a) is satisfied." *Newark Branch, NAACP v. Town of Harrison, New Jersey*, 907 F.2d 1408, 1417 (3d Cir. 1990). However, a court may deny a motion to amend based on "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017); *see also Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (Under Rule 15, leave to amend may be denied if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Of these factors, "prejudice to the non-moving party is the touchstone for the denial of an

---

[1] In *Premier Comp. Sols. v. UPMC*, the Third Circuit stated that "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." 970 F.3d 316, 319 (3d Cir. 2020). Federal Rule of Civil Procedure 16(b)(4) generally requires a showing of good cause to amend a scheduling order. In *Premier Comp.*, the initial case management order issued by the District Court had a clearly articulated deadline for the parties to "move to amend the pleadings or add new parties." *Id.* at 316. Even after receiving an extension, however, Plaintiff did not file a motion to amend the complaint until four months after the deadline. *Id.* Because the plaintiff had missed the clear deadline and failed to show good cause in the motion to amend, the district court properly denied the motion to amend the complaint.
    Here, however, there is no case management order deadline for motions to amend the pleadings. The unnumbered docket entry in question reads in full, "Set/Reset Scheduling Order Deadlines: AMENDED PLEADINGS DUE BY 4/13/2021." This entry is a routine unnumbered insertion added after the associated March 30, 2021 Order, which stated in relevant part,
> Giordano shall have until April 13, 2021, to file an amended complaint addressing the deficiencies identified in the accompanying Memorandum as to the claims dismissed without prejudice. Failure to file an amended complaint within the time permitted may result in dismissal of the remaining claims with prejudice."

ECF Doc. No. 22. Such a routine, summarized entry is not a scheduling order in and of itself, and is drastically different from the case management order in *Premier Comp.* As a result, good cause is not required, and Rule 16(b)(4) does not apply.

amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Courts should also consider "the prejudice denying leave to amend would cause to the plaintiff." *Id.*

President Judge Panella would suffer immense prejudice if Giordano was permitted to add him to Count IV in his individual capacity. Suing someone in their individual capacity, with the threat of personal financially liability, is undeniably different from suing someone in an official capacity and could (and often does) result in a different legal strategy and retention of independent representation. *See Goldberg v. City of Philadelphia*, No. CIV.A. 91-7575, 1994 WL 105535, at *2 (E.D. Pa. Mar. 28, 1994) ("It is conceivable that if the Defendants were aware that they were potentially subject to personal liability in this matter, they would have chosen to retain independent legal counsel. The Defendants deserve that option, and should not be unduly prejudiced by the Plaintiff's dilatory decision to extend liability at this late juncture."); *Atchinson v. D.C.*, 73 F.3d 418, 424–28 (D.C. Cir. 1996); *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995) ("We stress as much as we can that the difference between an official capacity suit and an individual capacity suit is a big difference. . . . It takes no imagination to conclude that McDougall—in a legal sense, as well as monetarily—would be prejudiced if we allowed the judgment to be awarded against him individually. If he had known before the end of the trial that he had a personal stake in the outcome he may have developed a different legal strategy.").

Here, President Judge Panella did not retain independent counsel until Giordano informed the Defendants, at the close of discovery, that they would seek to amend the Complaint. Nor did President Judge Panella have the opportunity to take any depositions or delve further into discovery on matters related to his own individual liability. The fact that "President Judge Panella *could have* attended all depositions taken in this matter on the Superior Court's behalf but did not" does not negate the fact that he may have made a different choice had he been aware of the different

financial liability Giordano now seeks. *See* ECF Doc. No. 44, Ex. A. It is not a defendant's job to second-guess what appear to be strategic decisions on the part of the plaintiff; nor need a defendant conduct discovery designed to predict and refute any and all possible amendments of the complaint or novel theories of liability that won't be introduced until the close of discovery. *See, e.g.*, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (affirming denial of leave in part because the plaintiffs' delay in amending was caused by their "misplaced confidence in their original . . . theory").

The proposed third amended complaint also includes a new theory and does not merely add limited facts uncovered in discovery. The proposed third amended complaint claims, for the first time, that President Judge Panella is an employer *in his individual capacity* under the FMLA. *See* ECF Doc. No. 38-2, at 4–5. While part of the relevant inquiry may still ask if Giordano was fired because he took FMLA leave, the threshold question is *whether* President Judge Panella is in fact an employer in his individual capacity. In order to defend against such a threshold question, President Judge Panella may have utilized a different legal strategy, taken additional depositions, and/or, as evidenced by his rapid retention of Attorney Robert Heim, retained independent counsel.

Granting the motion would not only be prejudicial but would reward Giordano's undue delay in seeking to file a third amended complaint. In the initial Memorandum of Law in Support of Plaintiff's Motion for Leave to File a Third Amended Complaint, Giordano stated clearly that "[h]ere there is no undue delay, bad faith, or dilatory motive. Plaintiff seeks to amend his Second Amended Complaint after learning in discovery that President Judge Panella made the final decision to fire him." *See* ECF Doc. No. 38-1, at 4. However, Defendants told Giordano prior to his filing of the Second Amended Complaint, which was filed on April 13, 2021, that Judge Panella made the decision to terminate Giordano. *See* Affidavit of Robert Krandel, Ex. A, ECF Doc. No.

42.[2] In Defendants' Answers to Plaintiff's First Set of Interrogatories, which were received on August 30, 2021, more than two months before the Motion was filed, Defendants again informed Giordano that Judge Panella made the decision to terminate him. *See* ECF Doc. No. 38-4. Perhaps because of this, Giordano asserts in his reply a new motive for the delay in filing—that the delay was because "Plaintiff did not have enough evidence to determine whether President Judge Panella is an "employer" under the FMLA and did not want to sue President Judge Panella, individually, without good cause. *See* ECF Doc. No. 44, Ex. A.

However, Giordano deposed Christopher Nace on October 5, 2021, and President Judge Panella and Philip Yoon on October 6, 2021. *See* ECF Doc. No. 44-1, at 5. Giordano then waited three weeks, until October 25, 2021, to seek Defendants' consent to file a third amended complaint and, after Defendants' counsel declined to consent, waited an additional week to file the Motion. *See id.* Thus, even excluding any delay which may have been caused by Defendants' response, it took Giordano more than a month to file the Motion at issue. During argument, Giordano stated the delay was caused in part because he was waiting for deposition transcripts. But when he sought consent to file a third amended complaint on October 25, 2021, three weeks after the depositions had occurred, he still had not received any of the relevant deposition transcripts. He could have, and should have, sought consent to amend long before November 8, 2021, the day that discovery closed. This undue delay is yet another reason why the Motion must be denied.

**CONCLUSION**

The proposed third amended complaint was filed with undue delay, and granting leave to file a third amended complaint would be unfairly prejudicial to Defendant Panella. The Court will deny Giordano's motion for leave to file a third amended complaint and amend the case caption.

---

[2] Plaintiff's counsel conceded that this was true during argument.

An appropriate order follows.

                                                BY THE COURT:


                                                <u>Juan R. Sánchez</u>
                                                Juan R. Sánchez, C.J.